# IN THE COURT OF APPEALS OF IOWA

No. 20-0539
Filed August 18, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SHANE ALLEN HEINS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Linda M. Fangman, Judge.

Shane Heins appeals his criminal convictions. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

A jury convicted Shane Heins of one count of first-degree arson and two counts of attempted murder.[1]  Heins appeals, lodging two complaints: (1) his counsel was ineffective in failing to move for a change of venue based on pre-trial publicity and (2) and the court erred in denying his motion for judgment of acquittal and related challenges to the sufficiency of the evidence supporting the jury's verdicts.

On the former issue, judgment and sentence were entered in March 2020. An amended version of Iowa Code section 814.7 (Supp. 2019) took effect on July 1, 2019, and prohibits consideration of ineffective-assistance-of-counsel claims on direct appeal.  *State v. Damme*, 944 N.W.2d 98, 108–09 (Iowa 2020).  Because judgment and sentence were entered after the effective date of the amended statute, we lack authority to consider the claim on direct appeal.  *Id.* at 109.

On the latter issue, the State contests error preservation.  Following the State's case-in-chief, the defense rested without presenting any evidence, after which defense counsel made the following request for judgment of acquittal:

> [A]t this time the defense would move for a directed verdict.  If we look at the evidence most favorable to the State, we do not feel that the State has proven beyond a reasonable doubt or met its burden in this case.  And so we would ask the Court to dismiss charges at this time.

The court denied the motion.  In a combined motion for a new trial and in arrest of judgment, counsel argued: "The jury's verdicts are contrary to the law and the weight and sufficiency of the evidence presented.  Defendant incorporates in this

---

[1] Heins also pled guilty to second-offense domestic abuse assault in the same criminal case.

motion all arguments made previously on the record during his motion for directed verdict."[2]  The court considered the motions at the time of sentencing, at which point counsel stood by the written motions, which the court ultimately denied.

We agree with the State that these generic challenges to the sufficiency of the evidence were insufficient to preserve error.  *See State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019) ("Counsel does not preserve error on a sufficiency-of-evidence issue when counsel makes a general motion for judgment of acquittal but fails to identify specific elements of the charge not supported by the evidence."); *State v. Schories*, 827 N.W.2d 659, 664 (Iowa 2013) ("[I]n order to preserve error on a motion to acquit, the defendant must specifically identify the elements for which there was insufficient evidence.").

We affirm.

**AFFIRMED.**

---

[2] Heins also filed several post-trial motions.  The court entered an order noting the only pro se motions it would consider would be for disqualification of counsel.  *See* Iowa Code § 814.6A (2020).  Heins subsequently filed motions for disqualification of counsel and for new counsel.  Heins withdrew the motions at the time of sentencing.